UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY M. JONES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 21-cv-04172-DMR<br><br>**ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE STAYED** |

The court has reviewed the parties' briefing on Defendant State Farm General Insurance Company's ("State Farm") motion to dismiss the complaint filed by Plaintiffs Jeffrey M. Jones and Shannon B. Jones, Trustees of the Jeffrey & Shannon Jones Trust. [Docket Nos. 12, 15, 16.] In connection with its motion, State Farm asks the court to take judicial notice of records related to a lawsuit pending in Contra Costa County Superior Court that the same Plaintiffs filed in 2017 against State Farm's insureds, Tzen-Wen Guo and Bihwan Lin, Case No. C 17-01167 (the "state court action").[1] [Docket Nos. 12-1, 12-2.] In the state court action, filed four years ago, Plaintiffs allege that the defendants, who are neighboring landowners, bear responsibility for damage caused to Plaintiffs' property based on the movement of earth from the defendants' land onto Plaintiffs' land. The state court action contains claims and remedies that are identical or nearly identical to those alleged here. The major difference between the actions is that in this court, Plaintiffs sue the insurer of the neighbors rather than the neighbors themselves. This raises the court's concern that the federal lawsuit will be duplicative of the state court action in many ways, will unnecessarily

---

[1] Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

eat up party and court resources, and may result in conflicting rulings and resultant confusion.

Pursuant to the court's power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), a court may "enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64. In deciding whether to issue a *Landis* stay, courts consider three factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Whether to enter a stay pursuant to a court's inherent powers is a matter entrusted to the court's discretion. *See Landis*, 299 U.S. at 254 ("[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

Given the strong similarities between this action and the state court action, including the fact that Plaintiffs seek to recover damages based on the same alleged misconduct in both cases, it appears that a stay of this litigation would promote "the orderly course of justice." *See CMAX*, 300 F.2d at 268. Accordingly, by no later than August 25, 2021, Plaintiffs shall show cause in writing why the court should not impose a *Landis* stay pending the outcome of the state court action. Plaintiffs' response may not exceed three pages. State Farm may file a response to Plaintiffs' submission that does not exceed three pages by no later than September 1, 2021.

**IT IS SO ORDERED.**

Dated: August 10, 2021



Donna M. Ryu
United States Magistrate Judge

2